LATTIMORE *vs.* DAVIS.

APPEAL FROM THE COURT OF THE·NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CONCORDIA, THE JUDGE THEREOF PRESIDING.

The estate below, owes a servitude to that above it, to receive the waters which naturally flow from the upper estate ; and the proprietor below is not at liberty to raise a dam or make any work to prevent this running of the waters; but this must be a natural servitude, not created by the industry of man.

The clearing of land, and fitting it for agriculture, by cutting ditches and canals, cannot be considered as making this servitude more onerous, if it pursues the natural drains.

-But, where the proprietor of the upper estate cuts ditches and makes drains on to the lower one, without following the natural drains and flow of the waters, he will be liable for all damages sustained by the overflow of the waters.

This is an action to recover damages from the defendant for injuries done to the plaintiff's plantation and land, by draining his own land on to that of the latter.

The plaintiff alleges that the defendant owns a plantation situated above, and adjoining to his, on the Mississippi river, in the parish of Concordia; that in the spring of the year 1833, the latter cut ditches, and drained his land on to that of petitioner, without following the natural drains, and by means of said ditches conducted nearly all the water off his plantation into a small pond lying between, and by that means overflowed his plantation, so that it prevented him from making any cotton crop that year, to his great damage, ten thousand dollars, for which he prays judgment.

The defendant pleaded a general denial; and claims two thousand dollars in reconvention for damages occasioned by the illegal conduct of the plaintiff in excavating and cutting away a road or levee he made on his own land, between him and the plaintiff, and also in throwing up a large levee in said road, damming up the water, and stopping up a bayou or natural drain which runs through both their plantations,

WESTERN DIST.
October, 1839.

LATTIMORE
vs.
DAVIS.

and has always been an important drain to their plantations, but which the defendant has so far obstructed as to cause it to flow back on his plantation above, &c. He prays judgment for his damages in reconvention, &c.

The surveyor made a diagram, representing the location and situation of the two tracts of land, which, together with the evidence, was submitted to a jury. They were of opinion the defendant was in fault, and that his draining on to the plaintiff's land caused the loss of crops and other damage to him, which they assessed at seven thousand dollars. Two of the jurors made affidavit that their verdict was intended to include loss of crops for the year 1833, and up to the time of finding their verdict in December, 1837.

A new trial was applied for and granted.

. On the second trial a mass of testimony was produced, relative to the injuries complained of between the parties. The cause was again submitted to a jury, who returned a verdict for the plaintiff in the sum of one thousand five hundred dollars. And from judgment rendered thereon, the defendant appealed.

*Stacy*, for the plaintiff, argued to show that the defendant, by his own acts, had cut ditches and drains, changing the natural servitude ; and caused the water to flow in different channels from the natural one, by which the plaintiff's plantation was overflowed, and the water coming down from the upper one became stagnant on his, and destroyed his crops.

*Dunlap* and *Dunbar*, for the defendant, contended :

1st. The relative position of the lands of plaintiff and defendant, shows a *natural servitude* in favor of the tract of defendant.

2d. The defendant had a right to remove any obstruction to the exercise of his servitude erected by plaintiff, and to go on to plaintiff's land for the purpose, provided it was done without *riot*. *Louisiana Code*, 768–770. 3 *Blackstone's Commentaries*, 216. 1 *Partidas*, 442. The evidence clearly shows, *either* that plaintiff's levee *obstructed* a natural drain, or that the *cutting* of it did him no injury.

3d. Even if the ditches constructed by defendant were shown to be injurious or burdensome to plaintiff, still if it were *necessary to the culture* of defendant's tract, plaintiff cannot complain. Articles of the Code 656 and 663, are not to be construed too strictly to the injury of the interests of agriculture. *Duranton, 5th volume, page* 160. 12 *Louisiana Reports,* 501.

4th. But it is shown by the evidence, conclusively, not only that the ditches were absolutely necessary to the *culture* of defendant's plantation, but also that they were not injurious to plaintiff, but beneficial to him. It is shown, also, by the evidence, that the inundation of 1833 was caused by the heavy and extraordinary rains of that year.

*Morphy, J.,* delivered the opinion of the court.

The plaintiff seeks to recover damages, alleging that by defendant's illegal acts and omissions he has brought together and concentrated all the waters of his plantation in a certain pool or pond, not a common drain, lying and extending on both their premises; that afterwards he has, by cutting through a causeway on his (plaintiff's) plantation, let into his field of cotton such a body of water as has overflowed it, and rendered all cultivation impossible. The defendant denies that he has done any injury to plaintiff, and claims damages in reconvention, averring that plaintiff has illegally erected a levee or embankment on his land, and done other acts, whereby the natural flow of his waters has been obstructed, and his (defendant's) land covered with water. This case has been before two juries who brought in verdicts for the plaintiff, and judgment having been entered upon the last verdict, the defendant appealed.

The parties are owners of adjacent tracts of land fronting the Mississippi, and extending back to Lake Concordia, on which they also have a front. From both fronts there is a slope or descent towards a certain bayou, situated some way between, but nearer the lake. It is admitted that plaintiff's tract is situated below that of defendant, and must receive the waters which *naturally* flow from it; but plaintiff con-

WESTERN DIST.
*October*, 1839.

LATTIMORE
*vs.*
DAVIS.

The estate below, owes a servitude to that above it, to receive the waters which naturally flow from the upper estate; and the proprietor below is not at liberty to raise a dam, or make any work to prevent this running of the water; but this must be a natural servitude not created by the industry of man.

The clearing of land, and fitting it for agriculture, by cutting ditches and canals, cannot be considered as making this servitude more onerous, if it pursues the natural drains.

But where the proprietor of the upper estate cuts ditches and makes drains on to the lower one, without following the natural drains and flow of the waters, he will be liable for all damages sustained by the overflow of the waters.

tends that the natural drain of both plantations, and through which he was bound to receive on his estate defendant's waters, was the large bayou situate in the rear of their lands; that defendant by improperly or insufficiently ditching his plantation, has caused the waters to accumulate in a pond between the bayou and the front of their plantations, instead of running into the bayou, which is lower than said pond; that to avoid injury and loss to himself from this accumulation of water, defendant has cut through a causeway or levee that had been on his land for years, and thus let in a larger body of water than would naturally have flowed on his plantation. The evidence on these points, as well as on the defendant's adverse allegations, is voluminous and somewhat contradictory. The law of the case presents no difficulty. The nature and extent of the servitude due by plaintiff's land, are clearly defined by our Code, article 656. We have been referred to the case of Martin *vs.* Jett, 12 Louisiana Reports, 503. It determines, very correctly we think, that the clearing of land, and the fitting it for agricultural purposes, by proper ditches and canals, cannot be considered as an act rendering a servitude of this kind more onerous, and that a different interpretation would condemn the superior estate to sterility, and be contrary to the interests of agriculture. Here the facts alleged are *widely different*, and would tend, in our opinion, to render the servitude due by plaintiff more burdensome. As to the sufficiency of the evidence on these facts, and the extent of the injury complained of, the jury were the legitimate judges. They were acquainted with the premises; nay, the evidence shows that they had a view of them from the very court-house where they sat in judgment between the parties; and it would require strong evidence indeed, to induce us, without any knowledge of the localities but what the record furnishes, to disregard the finding of two juries of the immediate neighborhood.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.